352 July 8, 2026 No. 641

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NASRADIN JAMAL HASSAN,
aka Marquis Antonio Franklin, aka Nasradin Hassan,
aka Nasradin J. Hassan, aka Nasradin T. Hassan,
aka Nasradine Hassan, aka Nasradiz J. Hassan,
*Defendant-Appellant.*

Multnomah County Circuit Court
23CR15008; A184762

Rima I. Ghandour, Judge.

Submitted April 23, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Deputy Attorney General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals his conviction, after a jury trial, of unauthorized use of a vehicle (UUV), ORS 164.135, and attempted first-degree theft, ORS 164.055, assigning three errors. In his first assignment, defendant contends that the trial court erred in denying his motion to dismiss both charges pursuant to ORS 136.120 when the state was unable to proceed with trial. In his second assignment, defendant contends that the trial court erred in failing to enter a judgment of acquittal on the charge of UUV. In his third assignment, defendant contends that the trial court erred in giving the witness false-in-part instruction. We conclude that the trial court did not err and affirm.

The charges arose out of reports that defendant had spent the night in someone's car without their permission. There was evidence that, while in the car, defendant had briefly activated the vehicle's hazard lights. And the arresting officer testified at trial that when he arrived at the scene, he saw that defendant had removed a plastic panel below the steering wheel and was holding the car's ignition and attempting to start the car with some wires.

Shortly before trial, the state notified defense counsel that it was not able to proceed with trial and would request a 15-day setover, which would still be within defendant's 60-day speedy trial window under ORS 136.290(1).[1] The state did not offer an explanation for its inability to proceed.

Because the state was unable to proceed and did not offer an explanation, defendant filed a motion to dismiss the indictment under ORS 136.120(1), which provides:

---

[1] ORS 136.290 provides:

"(1) Except as provided in ORS 136.295, a defendant shall not remain in custody pending commencement of the trial of the defendant more than 60 days after the time of arrest unless the trial is continued with the express consent of the defendant. Absent the consent of the defendant or an extension under ORS 136.295, the court shall order that the trial of the defendant commence within 60 days after arrest if the state is prepared to proceed to trial.

"(2) If a trial is not commenced within the period required by subsection (1) of this section, the court shall release the defendant on the own recognizance of the defendant, or in the custody of a third party, or upon whatever additional reasonable terms and conditions the court deems just as provided in ORS 135.230 to 135.290."

"If the defendant appears at the time set for trial and the prosecuting attorney is not ready and does not show sufficient cause for postponing the trial, the court shall dismiss the accusatory instrument unless the court determines that dismissal is not in the public interest."

The trial court denied defendant's motion, noting, simply, that the delay would not bring the trial beyond the 60-day speedy trial window of ORS 136.290(1).

Defendant contends in his first assignment of error that, in view of the state's failure to offer an explanation for the delay, the trial court erred in denying his motion to dismiss. The state responds that, although the state did not put forth sufficient cause for why it was unable to proceed, the court could still decide within its discretion that the public interest weighed in favor of retaining the accusatory instrument for trial. *See State v. Shaw*, 338 Or 586, 608, 113 P3d 898 (2005) ("If the trial court determines that the prosecutor has failed to show 'any sufficient cause' for postponing trial, then the next step under ORS 136.120 is to determine whether dismissal is proper."). The state argues that, in light of the absence of cognizable prejudice to defendant and the public's interest in the adjudication of defendant's charges, there was no abuse of discretion in denying defendant's motion.

The state correctly argues that we review the trial court's ruling on defendant's motion under ORS 136.120 for an abuse of discretion. *State v. Hewitt*, 162 Or App 47, 52, 985 P2d 884 (1999). We also agree with the state that, despite the absence of an explanation by the state for its inability to proceed, the trial court's decision to deny defendant's motion to dismiss fell within the permissible range of the trial court's discretion.

We said in *Hewitt*:

"In the context of a dismissal with prejudice, a trial court's discretion is circumscribed by the recognition that 'the power to bar prosecution, with all its attendant public consequences, is a drastic one to be exercised only in exceptional circumstances.'"

*Id*. (quoting *State v. Williams*, 17 Or App 43, 48, 520 P2d 462 (1974)). We have also stated that there must be a

"substantial reason" for barring further prosecution under ORS 136.120. *State v. Daniel*, 98 Or App 695, 697, 780 P2d 784, *rev den*, 308 Or 660 (1989) (so stating) (citing *State v. Love*, 38 Or App 459, 462, 590 P2d 741, *rev den*, 286 Or 303 (1979)). A showing of prejudice to a defendant as a result of the delay, or a delay beyond the 60-day speedy trial window, could constitute such an exceptional circumstance or substantial reason. *See State v. Parliament*, 164 Or App 707, 712, 995 P2d 544 (2000) ("[T]he magnitude of the interests at stake, *** and whether the defendant would suffer actual prejudice or whether the defendant's right to a speedy trial would be compromised, *** bear on whether" dismissal is in the public interest.). Here, neither of those circumstances is implicated by the 15-day delay. Defendant does not argue on appeal that he suffered prejudice as a result of the delay, and his trial was still to be held within the 60-day speedy trial window. Thus, it was within the trial court's discretion to conclude that there was no exceptional circumstance or "substantial reason" for dismissal of the charges. On the other hand, the public's interest in an adjudication of defendant's charges, a felony and two class A misdemeanors, was substantial. Under those circumstances, we conclude that the decision to deny defendant's motion to dismiss was within the trial court's discretion.

In his second assignment, defendant argues that the state did not prove the charge of UUV, because defendant did not actually operate the car, and his mere trespass of the vehicle without an intention to take possession of it did not interfere with the rightful owner's possession and therefore did not constitute UUV. *See State v. Douthitt*, 33 Or App 333, 338, 576 P2d 1262 (1978) (holding that opening the vehicle's locked door and rifling through the glove box did "not constitute a sufficient exercise of control over the vehicle such that [the] defendant manifested an intent to affect the rightful possessor's relationship to the automobile, *i.e.*, there was no intention to use the vehicle"). The state responds that the trial court correctly denied defendant's motion for a judgment of acquittal, because there was evidence from which a reasonable trier of fact could have found that defendant did more than merely enter the vehicle, as occurred in *Douthitt*, and in fact "used" the vehicle, in attempting to start the

vehicle by connecting the ignition wires, so as to interfere with the rightful owner's possession.

Reviewing the trial court's ruling for legal error, *State v. Snodgrass*, 325 Or App 234, 236, 528 P3d 1193 (2023), we conclude that there was no error. ORS 164.135(1)(a)(A) provides that a person commits the crime of UUV when, without the owner's consent:

> "The person knowingly takes, operates, exercises control over or otherwise uses another's vehicle, boat or aircraft[.]"

As defendant himself notes, the Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 134, 142 (July 1970), states that "[t]he purpose of the language, 'takes, operates, exercises control over, rides in or otherwise uses,' is to prohibit not only the taking or driving of another's vehicle without permission but, also, to prohibit any unauthorized use of the vehicle." There was evidence from which the jury could find that defendant engaged in more than a mere trespass of the vehicle; he was found inside the vehicle with the vehicle's ignition in his hands, attempting to connect wires. That evidence was sufficient to allow an inference that defendant was attempting to start the vehicle, constituting "use." Thus, we reject defendant's second assignment of error.

In his third assignment, defendant argues that his testimony at trial did not support the giving of the witness-false-in-part instruction, and the trial court therefore erred in giving the instruction.[2] The decision to give the witness-false-in-part instruction is reviewed for legal error, viewing the evidence in the light most favorable to the requesting party. *State v. Payne*, 366 Or 588, 606-07, 468 P3d 445 (2020). The state responds that, viewing the evidence in the light most favorable to the state, the jury could have found that defendant gave false testimony in two respects, and that that false testimony was material.

---

[2] The court instructed the jury:

"[I]f you find that a witness has intentionally lied in part of his or her testimony, you may, but are not required to, distrust other portions of that witness's testimony. As jurors, you have the sole responsibility to determine which testimony or portions of the testimony you will or will not rely on in reaching your verdict."

We have reviewed the record and agree with the state that there is evidence from which the jury could find that defendant gave false testimony; thus, the evidence was sufficient to allow the giving of the witness-false-in-part instruction. *See State v. Bitz*, 336 Or App 591, 601, 561 P3d 151 (2024) (The witness-false-in-part instruction "assists a jury to evaluate a witness's testimony when there is sufficient evidence for the jury to conclude first that the witness consciously gave false testimony.") We therefore reject defendant's third assignment of error.

Affirmed.